UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HARLEYSVILLE INSURANCE COMPANY and HARLEYSVILLE LAKE STATES INSURANCE COMPANY,<br><br>      Plaintiffs,<br><br>  v.<br><br>MARTIN ENTERPRISES, INC. and HOWARD MARTIN, INC.,<br><br>      Defendants. | Case No. 1:19-cv-00012 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Harleysville Insurance Company and Harleysville Lake States Insurance Company (collectively, "Harleysville"), by their attorneys, state and allege as follows:

### INTRODUCTION

1. This is an action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 *et seq.*, to determine a real, substantial, and justiciable controversy among the parties with respect to their respective rights and obligations, if any, under certain insurance contracts and concerning certain underlying claims, as described more fully below.

### PARTIES

2. Plaintiff Harleysville Insurance Company is an insurance company organized and existing under the laws of the State of Pennsylvania with its principal place of business in Harleysville, Pennsylvania. Harleysville Insurance Company has been licensed to do business and is doing business in the State of Indiana.

3. Plaintiff Harleysville Lake States Insurance Company is an insurance company organized and existing under the laws of the State of Michigan with its principal place of business in Traverse City, Michigan. Harleysville Lake States Insurance Company has been licensed to do business and is doing business in the State of Indiana.

4. On information and belief, defendant Martin Enterprises, Inc. ("Martin Enterprises") is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in Fort Wayne, Indiana.

5. On information and belief, defendant Howard Martin, Inc. ("Howard Martin") is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in Fort Wayne, Indiana.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the present case pursuant to 28 U.S.C. §§ 1332(a) and (c) because this is an action between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum and value of $75,000.

7. Venue is properly laid in this District and Division pursuant to 28 U.S.C. §§ 1391(b) and (c).

## INSURANCE CONTRACTS

8. Howard Martin, as the named insured, entered into certain liability insurance contracts with Harleysville for specified policy periods between October 1, 2012 and June 1, 2014 (the "Policies"). Martin Enterprises is not a named insured or an additional insured under the Policies.

9. On information and belief, the originals of the Policies are in the possession, custody, or control of Howard Martin. (True and correct copies of the Policies, as maintained in

Harleysville's files, are attached as Exhibits A, B, and C.)  The Policies are subject to all their terms, conditions, exclusions, and limitations, which are incorporated by reference as if set forth here in full.

10. On information and belief, Martin Enterprises and Howard Martin entered into one or more liability insurance contracts with other insurance companies during periods relevant to this action.

## UNDERLYING CLAIMS

11. On information and belief, on or about August 2, 2017, the Indiana Department of Environmental Management ("IDEM") sent a letter to Martin Enterprises stating that, "[o]n July 17, 2017, a representative of [IDEM] conducted an inspection of Martin Enterprises, located at 4315 Meyer Road, Fort Wayne, Indiana," and that "[v]iolations were observed and will be referred to the [IDEM] Land Enforcement Section."  The letter identified the "violations" as "[o]perating a landfill without a permit."  The "Municipal Solid Waste Landfill Inspection" form attached to the letter further explained that:

> This site has been operating a landfill without a permit.  Waste is to be immediately removed to a permitted solid waste disposal facility.  Waste appears to be from demolished residential homes.  During the inspection, plumbing, metal, pvc, wood, all were present along with clean fill items as well.  They have an operator on the dozer grading the mound of demolition waste as 2 other people haul stone to the dozer to cover the material as it is brought in.  No more construction and demolition material may be brought onsite.  30 days to complete removal of construction and demolition waste.

(A true and correct copy of IDEM's letter, as maintained in Harleysville's files, is attached as Exhibit D.)

12. On information and belief, on or about November 8, 2017, IDEM sent a letter to Martin Enterprises labeled "Notice of Violation" and stating that, "[b]ased on an investigation including inspections conducted on July 17, 2017 and September 21, 2017, [IDEM] has reason to

believe that Martin Enterprises Inc. ('Respondent') has violated environmental statutes and rules."  In describing the basis for the "violations," the letter said that, pursuant to state regulations, "any person who disposes of solid waste shall have a solid waste land disposal facility permit prior to construction and disposal at the Site."  The letter then continued:

> As noted during the inspections, Respondent caused and/or allowed solid waste from demolished residential homes, including but not limited to, plumbing, metal, polyvinyl plastic, wood, concrete, and other solid wastes associated with demolished residential homes, to be disposed at the Site without a solid waste land disposal facility permit.  Also noted during the inspection, Respondent was grading the mounds of demolition waste on Site.

(A true and correct copy of IDEM's letter, as maintained in Harleysville's files, is attached as Exhibit E.)

13. Collectively, the IDEM letters described in paragraphs 11 and 12 above, as well as any related correspondence or demands, are referred to as the "Underlying Claims."  On information and belief, the Underlying Claims are directed solely against Martin Enterprises and do not seek any relief from Howard Martin.

14. On or about October 17, 2017, counsel for Martin, Inc. advised Harleysville of the Underlying Claims and requested coverage under the Policies on behalf of "Martin Inc.; Howard Martin, Inc.; Martin Enterprises Inc.; and Martin International, Inc."  (A true and correct copy of the notice letter, as maintained in Harleysville's files, is attached as Exhibit F.)

15. On November 14, 2017, Harleysville acknowledged receipt of the correspondence from counsel for Martin, Inc., fully reserved all of Harleysville's rights under the Policies, and agreed to participate in the defense of the Underlying Claims as if the Policies applied pursuant to a mutual non-waiver agreement.  (A true and correct copy of the reservation-of-rights letter, as maintained in Harleysville's files, is attached as Exhibit G.)

16. On or about December 13, 2017, counsel for Martin, Inc. executed the non-waiver agreement that Harleysville had proposed.  (A true and correct copy of the fully executed non-waiver agreement, as maintained in Harleysville's files, is attached as Exhibit H.)  Subsequent to that date, Harleysville reimbursed certain reasonable and necessary legal fees and costs incurred in the defense of the Underlying Claims, as periodically requested by counsel for Martin, Inc.

17. On January 2, 2019, Harleysville provided notice to counsel for Martin, Inc. that Harleysville was cancelling the non-waiver agreement according to its terms and denying coverage in connection with the Underlying Claims.  (A true and correct copy of the cancellation letter, as maintained in Harleysville's files, is attached as Exhibit I.)  Based on a continuing investigation, Harleysville concluded that the Underlying Claims were directed solely against Martin Enterprises and did not seek any relief from Howard Martin or any other insured under the Policies.  Furthermore, Harleysville concluded that various additional terms, conditions, exclusions, and limitations of the Policies otherwise would be applicable to preclude or limit coverage for the Underlying Claims.

## COUNT I

18. Harleysville realleges and incorporates by reference paragraphs 1 through 17 above as if set forth here in full.

19. This is a cause of action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 *et seq.*, to determine a real, substantial, and justiciable controversy among the parties with respect to their respective rights and obligations, if any, under the Policies in connection with the Underlying Claims.

WHEREFORE, plaintiffs Harleysville Insurance Company and Harleysville Lake States Insurance Company pray that the Court determine the parties' respective rights and obligations

under the Policies in connection with the Underlying Claims, enter judgment declaring that Harleysville has no obligation to defend or indemnify under the Policies in connection with the Underlying Claims, and grant such other and further relief as the Court deems just, equitable, and proper.

DATED:  January 11, 2019.                Respectfully submitted,

Riley Bennett Egloff LLP

J. Mark McKinzie
J. Mark McKinzie, No. 15024-29
Kevin T. Bennett, No. 34506-49
141 East Washington Street
Fourth Floor
Indianapolis, IN 46204
P: 317-636-8000
F: 317-636-8027
mmckinzie@rbelaw.com
kbennett@rbelaw.com

-and-

David C. Linder *(pro hac vice pending)*
Larson • King, LLP
30 East 7th Street, Suite 2800
St. Paul, MN 55101
P: 651-312-6500
F: 651-312-6618
dlinder@larsonking.com

*Attorneys for Plaintiffs*
*Harleysville Insurance Company and*
*Harleysville Lake States Insurance Company*

## INDEX

Exhibit A -   Howard Martin, Inc. Policy GL29430P (effective 10/1/2012)

Exhibit B -   Howard Martin, Inc. Policy GL83255R (effective 10/1/2013)

Exhibit C -   Howard Martin, Inc. Policy GL50393S (effective 11/15/2013)

Exhibit D -   IDEM Letter to Martin Enterprises, Inc. (dated 8/2/2017)

Exhibit E -   IDEM Letter to Martin Enterprises, Inc. (dated 11/8/2017)

Exhibit F -   Martin, Inc. Counsel Letter to Harleysville (dated 10/17/2017)

Exhibit G -   Harleysville Letter to Martin, Inc. Counsel (dated 11/14/2017)

Exhibit H -   Non-Waiver Agreement (executed 12/13/2017)

Exhibit I -   Harleysville Letter to Martin, Inc. Counsel (dated 1/2/2019)